IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALAYNA LAVERTY, individually and on behalf of similarly situated employees,<br><br>   Plaintiff,<br><br>v.<br><br>PCRK GROUP, LLC, d/b/a MASSAGE ENVY SPA,<br><br>   Defendant. | 22 CV 3320<br><br>**Plaintiffs request trial by jury** |

## COMPLAINT

  Plaintiff ALAYNA LAVERTY, by and through her attorney, JONATHAN LUBIN, hereby Complains of PCRK GROUP, LLC d/b/a MASSAGE ENVY SPA, stating:

 1. This is a civil action seeking damages that Alayna Laverty sustained in violation of the Fair Labor Standards Act, 29 U.S.C. § 203, et seq, the Illinois Wage Payment and Collections Act, 820 ILCS 115/14, the Illinois Minimum Wage Law, 820 ILCS 105, and the common law of the State of Illinois

### Parties

 2. Alayna Laverty is, and for the relevant period of time has been, an employee of PCRK Group, LLC, as that term is defined in the Fair Labor Standards Act, and related statutes. She is employed in the Northern District of Illinois as a licensed esthetician.

 3. PCRK Group, LLC is, and for the relevant period of time has been, Laverty's employer as that term is defined in the Fair Labor Standards Act and related statutes. PCRK Group, LLC operates several Massage Envy Spa locations within the Northern District of Illinois.

### Jurisdiction and Venue

 4. This Court has jurisdiction over federal claims pursuant to 28 U.S.C. § 1331, and over all state law claims pursuant to 28 U.S.C. § 1367.

 5. Venue is proper pursuant to 28 U.S.C. § 1391(b) because all parties reside in the Northern District of Illinois, and a substantial portion of the events upon which the claim for liability is based occurred in the Northern District of Illinois.

### Facts Common to All Counts

6. Plaintiff began her employment with Defendant on October 11, 2022.

7. When Plaintiff was offered the role at Massage Envy Spa, she was promised an hourly wage of $17.00/hour.

8. She is required to be at work at a set time, and to leave work at a set time. She works a full-time schedule. This is true regardless of the number of clients she serves during her workday.

9. However, she is only paid for the time when she is actually serving clients. That is to say, if she works for 3 hours in a day serving clients, and spends the rest of her time idle, though she is not permitted to leave, she does not make any money.

10. The theory is evidently that a client could walk in at any time. Though this periodically happens, and Plaintiff will be able to earn money, it frequently does not, and Plaintiff is required to wait around without being paid.

11. At times, Massage Envy Spa has given Plaintiff secretarial work, and paid her at $12/hour for the same. At other times, Massage Envy Spa has required Plaintiff to engage in continuing education during off-hours, and paid her $12/hour for time spent in continuing education.

12. However, these accommodations are not typical. In general, if she is not with a customer, she is not being paid.

13. This has been the policy since Plaintiff began her employment, and the policy is the same for other massage therapists that work for Defendant.

14. As a result of this practice, though Plaintiff and similarly situated employees are required to physically be at work during their off-hours, and therefore are unavailable to do alternative work elsewhere, but are not compensated for their time.

## Count I - Fair Labor Standards Act, 29 U.S.C. § 203

15. The FLSA requires an employer to pay its covered, non-exempt employee the federal minimum wage for each hour worked in a workweek. 29 U.S.C. § 206(a)(1)(c).

16. Defendant was Plaintiff's employer, and Plaintiff was Defendants' employees, within the meaning of the FLSA. 29 U.S.C. § 203(d), (e).

17. Defendant, by its management agent or agents, violated the FLSA by failing to pay Plaintiff the minimum wage for all hours that they worked, which resulted in them receiving less than the legal minimum wage for his hours worked for a pay period.

18. Defendants' violation of the FLSA was willful.

19. As a direct result of Defendants' violation of the FLSA, Plaintiffs suffered the loss of compensation in the form of unpaid hourly wages and being paid less than the legal federal minimum wage for a pay period.

### COUNT II - Illinois Minimum Wage Law, 820 ILCS 105

20. The Complained of conduct violated the Illinois Minimum Wage Law, causing damages.

### Count III - Illinois Wage Payment and Collections Act, 820 ILCS 115/14

21. The Illinois Wage Payment and Collections Act enforces agreements by employers to pay wages to their employees.

22. Defendant promised Plaintiff to pay her at a rate of $17/hour.

23. Defendant has failed to pay Plaintiff's agreed up and earned wages.

24. The failure to pay Plaintiff was willful.

25. Plaintiff has suffered damages as a result of the failure to pay wages in accordance with the Illinois Wage Payment and Collection Act.

WHEREFORE, Plaintiff requests that this Honorable Court find Defendant liable to Plaintiffs, and Orde Defendants to pay damages including back wages, interest, punitive damages and reasonable attorneys' fees.

Respectfully Submitted,

s/Jonathan Lubin
Attorney for Plaintiffs

Jonathan Lubin
8800 Bronx Ave.
Suite 100H
Skokie, IL 60077
773 954 2608
jonathan@lubinlegal.com

**Plaintiffs request trial by jury**